UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORALINDA LOPEZ<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>Defendant. | CASE NUMBER: 1:21-cv-01558-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE**<br><br>**(Doc. 3)** |

On October 22, 2021 Plaintiff filed a complaint in this Court and applied to proceed without prepayment of fees (*in forma pauperis*) pursuant to 28 U.S.C. § 1915.  Docs. 1–3.

**I.    Legal Standard**

In order to proceed without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).   In enacting the in forma pauperis statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).

The determination whether a party may proceed in forma pauperis is a "matter within the discretion of the trial court . . ." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963).  To proceed in forma pauperis, a plaintiff need not demonstrate that he is completely destitute, but his poverty

1

must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although there is no bright line rule, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

## II. Findings

Plaintiff's application is essentially blank. She answered "no" as to whether she is currently employed in prison, she indicated her spouse's name, and she indicated she has no dependents. She completed no other fields, including indicating whether she has any current assets, whether she received any income from any source within the last 12 months and, if so, how much.

## III. Recommendation

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be denied without prejudice and Plaintiff be directed to file a completed IFP application or pay the filing fee.

The Clerk of Court is DIRECTED to randomly assign this case to a United States District Judge for resolution of these findings and recommendations pursuant to 28 U.S.C. § 636(b)(l).

Within fourteen (14) days from the filing of these findings and recommendations, Plaintiff may file written objections with the court. L.R. 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Alternatively, within fourteen (14) days of these findings and recommendations Plaintiff my file a revised application. Plaintiff should use the latest published version of the short form IFP application (AO 240) and complete it to the best of her ability. If the answer to any particular question is "no" or "zero" she should indicate that rather than leaving the field blank.

IT IS SO ORDERED.

Dated: **October 25, 2021**         **/s/ Gary S. Austin**
                            UNITED STATES MAGISTRATE JUDGE